UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :
In re:                               :
             :
DELTA AIR LINES, INC., et al.,        :
             :
Debtors.                       :
             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :
Dana Mehen,                  :
             :
            Appellant,       :
             :
         v.           :  No. 07 CV 11465 (LTS)
             :
Delta Air Lines, Inc.,           :
             :
         Debtor-Appellee.   :
             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF MOTION TO DISMISS
APPEAL OF DANA MEHEN WITH PREJUDICE**

PLEASE TAKE NOTICE that on January 11, 2008, Delta Air Lines, Inc.

("Delta") and those of its subsidiaries that are reorganized debtors in these proceedings

(collectively, the "Reorganized Debtors"),[1] by and through their undersigned attorneys,

filed a motion seeking the dismissal of the appeal of Dana Mehen ("Appellant") from the

Order of the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") dated August 21, 2007 [Case No. 05-17923, Docket No. 6642]

---

[1] The Reorganized Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Epsilon Trading, LLC; and Kappa Capital Management, LLC.

Denying (A) Motion dated May 23, 2007 of Ms. Dana Mehen to Correct Claim Category

and Notice of Valid Claim and (B) Motion Filed June 29, 2007 of Ms. Dana Mehen for

Bill of Costs.

Dated:   New York, New York
         January 11, 2008

                          DAVIS POLK & WARDWELL


                          By:   /s/ Timothy E. Graulich
                                Timothy E. Graulich (TG 0046)
                                Hugh R. McCullough (HM 0006)

                          450 Lexington Avenue
                          New York, New York  10017
                          (212) 450-4000 (Telephone)
                          (212) 450-6539 (Facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
In re:                                                              :
                                                                    :
DELTA AIR LINES, INC., et al.,                                      :
                                                                    :
Debtors.                                                            :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
Dana Mehen,                                                         :
                                                                    :
                    Appellant,                                      :
                                                                    :
        v.                                                          :   No. 07 CV 11465 (LTS)
                                                                    :
Delta Air Lines, Inc.,                                              :
                                                                    :
                    Debtor-Appellee.                                :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION TO DISMISS APPEAL OF DANA MEHEN WITH PREJUDICE**

Delta Air Lines, Inc. ("Delta") and those of its subsidiaries that are reorganized

debtors in these proceedings (collectively, the "Reorganized Debtors"),[1] by and through

their undersigned attorneys, hereby seek the dismissal of the appeal of Dana Mehen

("Appellant") from the Order of the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") dated August 21, 2007 [Case

No. 05-17923, Docket No. 6642] Denying (A) Motion dated May 23, 2007 of Ms. Dana

---

[1] The Reorganized Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Epsilon Trading, LLC; and Kappa Capital Management, LLC.

Mehen to Correct Claim Category and Notice of Valid Claim and (B) Motion Filed June 29, 2007 of Ms. Dana Mehen for Bill of Costs.

The appeal is substantively frivolous.  As Delta will demonstrate if briefing on the merits is necessary, the Bankruptcy Court appropriately found that there was no basis for granting the Appellant a secured claim and that there is no legal authority to support the Appellant's "bill of costs" for photocopying and other expenses incurred by the Appellant in pursuing her claims.  There is, however, no need for the Court to reach the merits of the appeal because the Appellant's notice of appeal was filed more than a month late.  As set forth in the Appellee's memorandum of law, the failure to file a timely notice of appeal is a jurisdictional defect that requires dismissal.  Moreover, the Appellant failed to file an opening brief in this appeal by January 8, 2008, which is additional grounds for dismissal.

For each of the aforementioned reasons, the Reorganized Debtors seek an order dismissing the present appeal and such other and further relief as the Court may find just and proper.

Dated:   New York, New York
              January 11, 2008

DAVIS POLK & WARDWELL

By:   /s/ Timothy E. Graulich
        Timothy E. Graulich (TG 0046)
        Hugh R. McCullough (HM 0006)

450 Lexington Avenue
New York, New York  10017
(212) 450-4000 (Telephone)
(212) 450-6539 (Facsimile)

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

In re:                                      :
                               :

DELTA AIR LINES, INC., et al.,                :
                               :

Debtors.                                   :
                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

Dana Mehen,                            :
                               :

            Appellant,              :
                               :

               v.                 :  No. 07 CV 11465 (LTS)
                               :

Delta Air Lines, Inc.,                  :
                               :

            Debtor-Appellee.       :
                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS APPEAL OF DANA MEHEN WITH PREJUDICE

Delta Air Lines, Inc. ("Delta") and those of its subsidiaries that are reorganized debtors in these proceedings (collectively, the "Reorganized Debtors"),[1] by and through their undersigned attorneys, file this memorandum in support of the motion of the Reorganized Debtors seeking the dismissal of the appeal of Dana Mehen ("Appellant") from the Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated August 21, 2007 [Case No. 05-17923, Docket

---

[1] The Reorganized Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Epsilon Trading, LLC; and Kappa Capital Management, LLC.

No. 6642] Denying (A) Motion dated May 23, 2007 of Ms. Dana Mehen to Correct

Claim Category and Notice of Valid Claim and (B) Motion Filed June 29, 2007 of Ms.

Dana Mehen for Bill of Costs (the "Appealed Order").

<u>**Argument**</u>

Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), notices of appeal "shall be filed with the clerk within 10 days of the

date of the entry of the judgment, order, or decree appealed from."  The Appealed Order

is dated August 21, 2007 and was entered by the Bankruptcy Court on August 24, 2007,

and pursuant to Bankruptcy Rule 8002(a), any notice of appeal was required to be filed

with the Bankruptcy Court on or before September 4, 2007.  However, the Notice of

Appeal of Dana Mehen [Case No. 05-17923, Docket No. 6829] (the "Notice of Appeal")

is dated October 8, 2007 (more than one month late), and was not stamped as received by

the clerk of the Bankruptcy Court (and was not entered on the Bankruptcy Court's

docket) until October 15, 2007.

To the Reorganized Debtors' knowledge, the Appellant has not filed, and the

Bankruptcy Court has not granted, any request to extend the time to file a notice of

appeal with respect to the Appealed Order.  Pursuant to Bankruptcy Rule 8002(c)(2), any

such motion was required to have been filed no later than 20 days after the expiration of

the time for filing a notice of appeal (which, in this case, would have been September 24,

2007).

The Notice of Appeal is untimely and the appeal must be dismissed.  *See, e.g.*,

*Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 310 (S.D.N.Y. 1987)

("Failure to file timely a notice of appeal within the meaning of Bankruptcy Rule 8002

2

bars appellate review."); *French Bourekas Inc. v. Turner*, 199 B.R. 807, 813 (E.D.N.Y. 1996) ("The failure to file a notice of appeal within the ten-day period is a jurisdictional defect, which requires dismissal of the appeal.").

The Appellant states in her Notice of Appeal that "she respectfully ask[s] the court to accept this Appeal due to the fact that I never received the order, nor could it be found published on any of the web sites."  The Appellant also states that she is disabled and, therefore, unable to appear in the Bankruptcy Court to review the Appealed Order in person.  These allegations are factually misleading and legally irrelevant.  They are misleading because Delta arranged for the Appellant to appear by telephone at the August 20, 2007 hearing on her various motions, and the Appellant so appeared and actively participated in the hearing.  At this hearing, the Bankruptcy Court informed the Appellant that her motions would be denied and the Appealed Order entered.  *See* Tr. 11:6–12:3 (Aug. 20, 2007) [Case No. 05-17923, Docket No. 6643].  Moreover, the Appealed Order was in fact available on both the Court's website and a case information website, *www.deltadocket.com*, that Delta has maintained at its own expense throughout the pendency of these chapter 11 cases.[2]  Moreover, the Appellant's allegations are legally irrelevant because the ten-day period to file a notice of appeal commences upon *entry* of the order and not *notice* of the order.  *See* Bankruptcy Rule 9022(a) ("Lack of notice of the entry [of an order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."); *Twins Roller*, 70 B.R. at 311.

---

[2] Moreover, a form of order was served upon the Appellant on or about July 31, 2007, i.e., three weeks prior to the hearing,

Finally, pursuant to Bankruptcy Rule 8009(a)(1), the Appellant was required to "serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." The appeal was docketed by the clerk of the Court on December 21, 2007, and the Appellant's brief was due on January 8, 2008. As of the date hereof, the Appellant has not filed a brief, and this failure to comply with Bankruptcy Rule 8009 is a separate and independent ground for dismissal of the present appeal in the Court's discretion. *See Balaber-Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55–56 (2d Cir. 1987).

For each of the aforementioned reasons, the Reorganized Debtors seek an order dismissing the present appeal with prejudice and such other and further relief as the Court may find just and proper.

Dated:   New York, New York
      January 11, 2008

                                    DAVIS POLK & WARDWELL

                                    By:   /s/ Timothy E. Graulich
                                          Timothy E. Graulich (TG 0046)
                                        Hugh R. McCullough (HM 0006)

                                   450 Lexington Avenue
                                   New York, New York  10017
                                   (212) 450-4000 (Telephone)
                                   (212) 450-6539 (Facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                                       :
                                                             :
DELTA AIR LINES, INC., et al.,                               :
                                                             :
Debtors.                                                     :
-------------------------------------------------------------x
Dana Mehen                                                   :
                                                             :
              Appellant,                                     :
                                                             :      No. 07 CV 11465 (LTS)
          v.                                                 :
                                                             :
Delta Air Lines, Inc.,                                       :
                                                             :
              Debtor-Appellee                                :
-------------------------------------------------------------x

                                        AFFIDAVIT OF MAILING

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

DAVID MALO, being duly sworn, deposes and says:

1.       I am over the age of eighteen years and employed by Epiq Bankruptcy Solutions LLC (f/k/a
Bankruptcy Services, LLC), 757 Third Avenue, New York, New York and I am not a party to the
above-captioned action.

2.       On January 11, 2008, I caused to be served true and correct copies of the following:

         a)    "Notice of Motion to Dismiss Appeal of Dan Mehen With Predjudice", dated January 11,
               2008, to which is attached the "Motion to Dismiss Appeal of Dana Mehen With Predjudice",
               dated January 11, 2008, and "Memorandum of Law In Support of Motion to Dismiss Appeal
               of Dana Mehen With Predjudice", dated January 11, 2008, and

         b)    "Rule 7.1 Disclosure Statement of Delta Air Lines, Inc.", dated January 11, 2008,

enclosed securely in a postage pre-paid envelope, to be delivered by first class mail to Dana Mehen, 2968
N. Webster Rd., Tucson, AZ 85750.

3.       All items served by mail or overnight courier included the following legend affixed on
the envelope: "LEGAL DOCUMENTS ENCLOSED: PLEASE DIRECT TO ATTENTION OF
ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT".

                                               _David R. Malo_____
                                               David Malo

Sworn to before me this
11th day of January, 2008

_Ross Matray_____
Notary Public

ROSS MATRAY
Notary Public, State of New York
No. 01MA614899
Qualified in New York County
Commission Expires July 3, 2010

T:\Clients\DELTA\Affidavits\Mehen Ntc & Mtn_Aff_1-11-08.doc