UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
In re:                                                            :
                                                                  :
DELTA AIR LINES, INC., et al.,                                    :
                                                                  :
Debtors.                                                          :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
Dana Mehen,                                                       :
                                                                  :
                        Appellant,                                :
                                                                  :
            v.                                                    :   No. 07 CV 11465 (CM)
                                                                  :
Delta Air Lines, Inc.,                                            :
                                                                  :
                        Debtor-Appellee.                          :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY OF DELTA AIR LINES, INC. TO APPELLANT'S
OBJECTION TO MOTION TO DISMISS APPEAL**

Delta Air Lines, Inc. ("Delta") and those of its subsidiaries that are reorganized

debtors in these proceedings (collectively, the "Reorganized Debtors"),[1] by and through

their undersigned attorneys, hereby submit this reply to the objection filed February 1,

2008 and entered on the Court's docket on February 4, 2008 of Dana Mehen (the

"Appellant") to Delta's motion to dismiss the Appellant's appeal with prejudice.

---

[1] The Reorganized Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings,
LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Global Services, LLC; DAL Moscow,
Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta
Connection Academy, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Epsilon
Trading, LLC; and Kappa Capital Management, LLC.

The Appellant's legal arguments are without merit. Equitable tolling is not a defense to the Appellant's failure to file a notice of appeal within the time allotted under Bankruptcy Rule 8002. As one of the Appellant's own cases acknowledges, the doctrine of equitable tolling is available as an affirmative defense only "where the time limits are in the character of a true statute of limitations . . . [e]quitable considerations are inapplicable . . . where time limits are jurisdictional in nature and are to be strictly construed." *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 701 (11th Cir. 2005). Here, the failure to file a timely notice of appeal is a jurisdictional defect that requires dismissal, and neither equitable tolling nor excusable neglect are available defenses. *See Siemon v. Emigrant Savings Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) ("We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'").

Even if the equitable tolling doctrine were available, it is not appropriate here. The Appellant actively participated in the hearing before the Bankruptcy Court on her various motions and was informed on the record that her motions would be denied.[2] There has been no fraud or other extraordinary event that prevented the Appellant from filing a timely notice of appeal.[3]

---

[2] Moreover, despite the Appellant's assertions, the Bankruptcy Court's order *is* available on the Bankruptcy Court's electronic case filing system (although the Bankruptcy Court's order was not for publication and so naturally does not appear on the list of published opinions referred to by the Appellant).

[3] Delta denies vandalizing the Appellant's mailbox or setting fire to the Appellant's trash cans. The Appellant's allegations are the latest in a series of fantastic accusations that the Appellant has made against Delta and others involved in her various suits against Delta, including a federal magistrate judge in

Moreover, the Appellant seems to be under the misapprehension that the order entered by the Bankruptcy Court, and from which she has untimely appealed, has prejudiced her ability to seek to liquidate her alleged bankruptcy claim by pursuing an action against Delta in the Ninth Circuit.  To the contrary, the order appealed by the Appellant and attached hereto as Exhibit A, along with the Bankruptcy Court's prior orders with respect to the Appellant's claim, *permits* the Appellant to move forward with her action in the Ninth Circuit to liquidate her bankruptcy claim.[4]  The only effects of the order that the Appellant is appealing here were (1) to dismiss the Appellant's stay relief motion (which sought permission to pursue Appellant's claims in the Ninth Circuit) as moot in light of the Bankruptcy Court's previous order granting that precise relief, (2) to deny the Appellant's motion to recharacterize her claim as "secured" as without legal basis, and (3) to deny the Appellant's "bill of costs" against Delta for various litigation expenses incurred by the Appellant, which was also without legal basis.  The Appellant is free, consistent with the Bankruptcy Court's order, to seek in the Ninth Circuit to liquidate her alleged bankruptcy claim against Delta.

---

the United States District Court for the District of Arizona, whom she accuses of "chasing" her into the parking lot of a federal courthouse.  *See* Exhibit B, Statement of the Case.

[4] Indeed, the Appellant continues to participate actively in the appeal before the Ninth Circuit.  On February 2, 2008, the Appellant sent to Delta her reply brief for the Ninth Circuit appeal, a copy of which is attached as Exhibit B.

For each of the aforementioned reasons, the Reorganized Debtors seek an order

dismissing the present appeal and such other and further relief as the Court may find just

and proper.

Dated:   New York, New York
         February 8, 2008

DAVIS POLK & WARDWELL

By:   /s/ Timothy E. Graulich
      Timothy E. Graulich (TG 0046)
      Hugh R. McCullough (HM 0006)

450 Lexington Avenue
New York, New York  10017
(212) 450-4000 (Telephone)
(212) 450-6539 (Facsimile)

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
**In re:**                                                      :
                                                                :    **Chapter 11 Case No.**
                                                                :
**DELTA AIR LINES, INC., et al.,**                              :    **05-17923 (ASH)**
                                                                :
                                                                :    **(Jointly Administered)**
                                        **Reorganized Debtors.** :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER DENYING (A) MOTION DATED MAY 23, 2007 OF MS. DANA MEHEN TO CORRECT CLAIM CATEGORY AND NOTICE OF VALID CLAIM AND (B) MOTION FILED JUNE 29, 2007 OF MS. DANA MEHEN FOR BILL OF COSTS.

Upon the (A) Motion dated May 23, 2007 of Ms. Dana Mehen to Correct Claim

Category and Notice of Valid Claim and the Motion filed June 29, 2007 of Ms. Dana

Mehen for Bill of Costs (collectively, the "**Motions**"), (B) the Reorganized Debtors'

response dated July 31, 2007 to the Motions, (C) Ms. Mehen's objection and reply dated

August 14, 2007 (the "**Reply**") and (D) Ms. Mehen's "Motion for Relief from Debtors

Stay" dated August 13, 2007 (the "**Stay Relief Motion**"); and the Court having

jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges

of the District Court for the Southern District of New York, dated July 19, 1984 (Ward,

Acting C.J.); and consideration of the Motions and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motions, the

Reorganized Debtors' response, the Reply and the Stay Relief Motion and having

determined that the Motions are without merit and the Stay Relief Motion is moot; and

upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion dated May 23, 2007 of Ms. Dana Mehen to Correct Claim Category and Notice of Valid Claim is denied with prejudice; and it is further

ORDERED that the Motion for Bill of Costs filed June 29, 2007 of Ms. Dana Mehen is denied with prejudice; and it is further

ORDERED that the Stay Relief Motion is denied as moot in light of this Court's July 11, 2007 Order Modifying the Injunction with Respect to Dana Mehen; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated:   White Plains, New York
         August 21, 2007


/s/ Adlai S. Hardin, Jr.
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

# UNITED STATED APPEALS COURT: NINTH CIRUIT

## District Case No. CIV-02-595 TUC CKJ

Dana Mehen vs. Delta Airlines Inc. et. al.

## Appellate Case No. 06-16388

## Due Date for Records, Briefs and Arguments in this matter February 4, 2008

## Clerk Catterson

## United States Court of Appeals for the Ninth Circuit

## 95 Seventh Street

## Post Office Box 193939

## San Francisco, CA 94119-3939

Prepared by Dana Mehen, in Pro Per

2968 North Webster Rd.

Tucson, Az 85750

Lewis/Roca, LLP/Ms. Madenci-Lindquist

One South Church Ave. Suite #700,

Tucson, Arizona 85701

Rogers/Hardin,LLP/ Mr. Mc Donald

2700 International Tower

Fennemore/Craig PC./Mr. Stolkin

One South Church Ave., Suite #1000

Tucson, Arizona 85701

Cole/Pedroza, LLP/ Mr. Curtis Cole

200 S. Los Robles Ave., Suite #678

229 Peachtree St., N.E.

Atlanta, Georgia 30303-1601

Delta Airlines, INC./Mr. Blews

Hartsfield International Airport

1030 Delta Blvd.

Atlanta, Georgia 30320

Pasadena, California 91101

Fennemore/Craig PC./Mr. Stolkin

3003 N. Central Ave., Suite #2600

Phoenix, Arizona 85012

TABLE OF CONTENTS

1.) Table of Authorities

2.) Jurisdictional Statement

3.) Statement of the Issues

4.) Statement of the Case

5.) Statement of the Facts

6.) Argument

7.) Conclusion

8.) Certification of Word Count

9.) Certification of Service

# TABLE OF AUTHORITIES

## REPLY BRIEF

*Brown vs. Blue Cross & Blue Shield of Alabama, Inc., 898 F .2d 1556 (11th Cir. 1990)

*Buffonge vs. Prudential Insurance Company of America, 426 F .3d 20, 31

 Doe vs. Group Hospital & Medical Services, 3 F .3d 80, 86-87 (4th Cir. 1993)

 Gannon, 360 F .3d at 213

*Lang, 125 F .3d at 798 (citing Brown, 898 F .2d at 1567)

 *Patterson vs. Shumate No. 91-9131992

 *Regula vs. Delta Family-Care Disability & Survivorship Plan, 266 F .3D 1144 (9th

Cir2001)

 *Shalala, 53 F .3d 1041 (9th Cir. 1995)

## TABLE OF AUTHORITIES

29 U.S.C. 1132, 1133, 1331

29 U.S.C. 1001 (b),1002, 1003, 1132(e)(2)

Bell v. Hawaiian Airlines, Inc., 2000 U.S. App.(9th Cir.)(2005)

* Bernstein v. Capital- Care, Inc., 70 F.3d 783, 788 (4th Cir. 1995);

Boggs v. Boggs, 520 U.S. 833 (1997)

Buce v. Allianz Life Ins. Co., 247 F.3d 1133

*Buffonge v. Prudential (Ins. Co. of Am., 426 F.3d 20, 31 n.15 (1st Cir. 2005))

Calder v. Jones, 465 U.S. 783 (1984)

*Castello. v. Gamache, 593 F.2d 358, 361 (8th Cir. 1979)

Chestnut v. Montgomery, 197 DLR A-1 (8th Cir. 10/8/02)

Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232. (4th Cir. 1997)

ERISA 502(a)(3)(A)/Sec. 503

*Firestone Tire & Rubber Co. v. Brunch, 489 U.S. 101, 117 (1989)

Fisher v. Aetna Life Ins. Co., Alaska, Anchorage Super. Ct., No. 3AN-97-00291 Civil, Jan. 21,1999

Fisher v. Metropolitan Life Ins. Co., 160 Mass. 386, 35 NE 849, 39 Am. 8t . Rep. 495

Fogerty v. Hartford, 2003 U.S.Dist.LEXIS 15786 (D.Minn. Sept. 3, 2003)

Halpin v. W. W. Grainger, Inc., supra, 962 F.2d at 696

Holford v. Exhibit Design Consultants, 218 F. Supp. 2d 901, 906 (2002)

Jett v. Blue Cross & Blue Shield of Alabama, 890 F.2d 1137 (11th Cir. 1989)

Johnson v. Trustees of the Western Conf. of Teamsters Pension Trust Fund, 879 F.2d 651, 654 (9th Cir. 1989)

**Kearney v. Standard** Ins. Co., 144 F.3d 597, 605 (9th Cir.)

**Levinson v. Reliance** Standard Life Ins. Co., 245 F.3d 1321, 26 ED Cases (DNA) 1021 (1 lth Cir. 2001)

**Lewis v. Aetna Life Insurance** Co., 982 F. Supp 1158 (ED Va. 1997)

**Marziale v. Hartford** Life & Accident Insur.Co., 2002 U.S.Dist.LEXIS. 11321(2002)

**Ochoa v. J.B. Martin** and Sons Farms, Inc., 287 F.3d 1182 (9th Cir. 2002)

**O'Shea v. Childtime** Childcare, Inc., U.S. District Court, Northern District of New York, (2002)

**Pari-Fasano v. ITT** Hartford Life & Ace., 230 F.3d 415, 421 (1st Cir. 2000)

**Patterson v. Shumate**, 504 U.S. 753 (1992)

**Pegler v. Sullivan**, 6 Ariz. App. 338, 432 P.2d 593 (1967)

**Rekstad v.** U.S. **Bancorp**, 451 F.3d 1114, 1121 (10th Cir. 2006)

**Robinson v. Aetna** Life Ins. Co., 443 F.3d 389 (5th Cir., 2006)

**Saffle v. Sierra** Pacific Power Co., 85 F.3d 455 (9th Cir. 1996)

**Salley v. E.I. DuPont de Nemours** & Co., 966 F.2d 1011, 1016 (5th Cir. 1992)

**Supplee v. Bethlehem** Steel Corp. (In re **Bethlehem** Steel Corp.), No. 04-CIV-2413, (2006)

**Weaver v. Phoenix** Home Life Mut. Ins. Co., 990 F.2d 154 (1993)

***Woo v. Deluxe Corp.**, 144 F.3d 1157, 1160 (8th Cir.)(1998)

**World-Wide Volkswagon** v Woodson 444 U.S. 286 (1980)

**Wright v. R.R. Donnelly** & Sons Co. Group Benefits Plan, 402 F.3d 67 (1st Cir. 2005)

**Zervos v. Verizon** New York, Inc., 252 F.3d 163, 166 n. 1 (2d Cir. 2001)

## JURISDICTIONAL STATEMENT

This appeal arises from a lower court case listed in the United States District Court case number CIV 02 595 TUC CKJ. The final judgment was ordered on June 15, 2006. The Notice of Appeal was filed July 13, 2006. This court has jurisdiction over this appeal pursuant 29 USC 1132 and 28 USC 1331. The Delta Family-Care Plan is an ERISA employee benefit Plan as defined by 29USC 1002 and1003. The Appellant's employment with Delta Airlines, INC. occurred in Los Angeles, California . Mehen is a resident of Tucson, Arizona and a citizen of the United States of America. Mehen served as a career flight attendant, with nineteen years of service with an exceptional job performance and an exemplary employment record. Mehen has been rated by the Social Security Administration as disabled since January 6, 1996. This rating affords Mehen protection under the Americans with Disabilities Act of 1990 (ADA).

The issues presented for appeal are, the lower court's reliance on "tainted" evidence to render the final order and Mehen respectfully asks that it be reconsidered. Delta Airlines, inc. et., al, did knowingly used false evidence, surveillance film of third parties, Mehen's husband and minor daughters to (Appendix pg.1) terminate Mehen's benefits. Mehen was not in the film. In addition, Delta used the medical reports of Salam Alkasspooles, MD. and James O'Brien, MD. which knowingly (Appendix 2 and 3), "mischaracterized" the medical information of Mehen which terminated her benefits and the benefits for her daughter suffering with a kidney disease. After Mehen informed Delta Airlines, INC. that her illness and disability was a direct result of exposures of two fire accidents and the DDT pesticide spraying of the aircraft, she was then subject to harassment and retaliatory actions by her employer by it's own employees and operatives

hired to harass Mehen and her family at their home. Such as the EZ messenger Service man who comes to Mehen's home delivering legal papers for Delta's local attorney's Lewis and Roca, then at night prowling Mehen's property, running them off of the road, following Mehen's family around town and crashing Mehen's gate at 2:30 am, with an eye witness account. Also, telephone harassment. These incidents are on-going to this day. With reports to the local Pima Co. Sheriff and the FBI. The wrongful termination of her employment but after filing a complaint with the EEOC, Delta then withdraws any further notice of employment termination. Denial of the Cobra benefits and the Cobra extension allowed due to Mehen's disability. These actions by Delta Airlines, INC. and their operatives is discriminatory and a violation of the protections provided under the ADA.

On September 12, 2002 the EEOC rules in Mehen's favor with the right to suit letter. Furthermore, Delta's Bankruptcy case in the Southern District of New York is wrongfully trying to include ERISA issues which are not a part of the Debtors estate, I cite, *Patterson vs. Shumate No. 91-9131992*, nor should any penalties paid by the Delta Family-Care Plan be included by the Bankruptcy court as the Plan is not a part of the debtors estate. I ask for all protection under ERISA law.

Mehen was denied full and fair review process, along with conflict of interest and abuse of discretion by the Delta Plan administrators that breached their fiduciary responsibilities by putting the profit of Delta Airlines, INC. before the interests of the Plan participants or beneficiaries. Mehen asks for a De Novo standard of review due to the violations stated above.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The matters presented for review in this case are the standard of review with regards to the administrative record standard as opposed to de novo and the actions taken on the behalf of the Defendants to categorically deny Mehen a full and fair review in violation of the ERISA guidelines. We ask that this court reverse the decision of the lower court and find with Mehen that the de novo standard of review is applicable.

## STATEMENT OF THE CASE

This case originates from the September 12, 2002 "Right to Suit" letter granted by the EEOC office in Phoenix, Arizona. The EEOC ruled that Mehen's rights had been violated, listed were the statements, disability discrimination for the termination of Mehen's ERISA benefits and termination of her employment. The complaint was filed in the United States District Court for the District of Arizona. on December 6, 2002.An Amended complaint was filed of June 25, 2003. Honorable Judge Jorgensen was assigned to the case. Case # CIV 02-595 TUC CKJ. On June 15, 2006 Final Judgment Order by Judge Jorgensen was granted in favor of the ERISA Defendants, Delta Airlines, INC. et., al., on the out come of a Summary Judgment hearing. I wish to note that during this hearing I was not permitted to object, by Judge Jorgensen. I did object to the improper mediation tactics ( #199 docket report) used by Judge Bernardo Velasco, such as "since you don't have an attorney, I'm going to give you some sound legal advice" and "if you don't sign off on this case (CIV 02 595 TUC CKJ), the harassment that you are now experiencing, will become worse". He then chased my husband and I out into the courthouse parking lot stating, "you had better do what Delta says". It would appear that Judge Velasco was practicing law, which is beyond the scope of his judicial duties. I felt threatened by these actions. I was not given notice for the 9/26/2004 hearing , the clerk forgot to mail out the notice to me and my request to reschedule the hearing was denied.  My husband was present as a witness. The Notice of Appeal was filed July 13, 2006. All deadlines were met in a timely manner.

## STATEMENT OF THE FACTS

The Appellees/ Defendant's brief, contains numerous incorrect statements in an attempt to mislead the court. They might give excuses for the incorrect statements but the truth being that Delta Airlines, INC., et., al. executes a well planned scheme to deny benefits to employees by hiring professionals well versed in ERISA law, using mis-information, withholding evidence and a harassment campaign, which is a violation of federal law and discrimination of disabled people.

The issues of Arbitrary and Capricious Standard of Review, conflict of interest, abuse of discretion and Breach of fiduciary duties all have been addressed. These issues were entered in to the US District Court and were listed in the original complaint. The district court erred because of the following reasons. It was well established in the Regula v. Delta Family-Care Disability & Survivorship Plan 266 F .3D 1144 (9TH Cir. 2001) that Delta Airlines, INC. et., al. acted as both administrator and funding source for the Plan, and evidence of this conflict was before the US District Court in 2005 and at the Summary Judgment hearing. The District Court should have determined whether the apparent conflict of interest was indeed serious enough to have resulted in a breach of fiduciary duty before choosing the appropriate standard of review to be applied to the Plan's disability determinations. In addition, the blatant use of "tainted evidence"(false video surveillance) and the "pick and choose" doctrine of using only those company doctor's medical reports that were favorable to the Plan decision to deny benefits. In Brown v. Blue Cross & Blue Shield of Alabama, Inc., 898 F .2d 1556 (11th Cir. 1990)

cert. denied, 498 US 1040 (1991), for the proposition that "plans such as this one, funded by company and also administered by them, are not true trusts." Lang, 125 F .3d at 798 (citing Brown, 898 F .2d at 1567), see also Doe v. Group Hospital & Medical Services, 3 F .3d 80, 86-87 (4[thCir.] 1993). Delta/ Plan administrators failed to provide a summary plan and requested evidence was withheld (Appendix 9). Now Mr. McDonald claims to have sent all the evidence, he should have provided  proof  but he failed to do so because he did not send all the evidence as required by law and that fact is in clear violation of the ERISA laws. Penalties must be levied against Delta Disability and Survivorship Plan. Even the most sensitive fiduciary (when operating under a conflict of interest)may unconsciously favor it's profit interest over the interests of the plan, leaving beneficiaries less protected than when the trustee acts with self-interest and solely  for the benefit of the Plan"). Under such circumstances, plan benefits decisions are subject to a less deferential standard of review. Indeed, far more troubling is the conflict of interest inherent when benefit plans repeatedly hire particular physicians as experts. In Mehen's case James O'Brien MD, of the Medical Consultants Network was the expert and also in Regula's case, not surprising, always with same outcome of not disabled, in favor of Delta Airlines, INC., et., al, and the Plan. Especially in these cases, where the Plan administrator is also the funding source, these experts have a clear incentive to make a finding of "NOT DISABLED" in order to save their employers money and to preserve their own consulting arrangements. The District Court did not conduct the appropriate conflict of interest analysis and hence accorded Delta/Plan a deference which it was NOT entitled, and along with the "tainted evidence" and only using their company doctor report's that support the Plan's decision to deny

benefits. This conclusion was premature and warrants further examination. Mehen was

denied a "Full and Fair" review by allowing Delta's Plan administrator to use the "pick

and choose" doctrine of only using the company doctor reports that support a denial of

benefits with a diagnosis of NOT DISABLED,

 a "mischaracterization of the medical record" Buffonge v. Prudential Ins.Co. of America,

426 F .3d 20, 31 n. 15 (1st Cir. 2005). Delta /Plan refused to use the company doctor

reports of James Kelly MD., diagnosis DISABLED and Ira Monosson, MD., diagnosis

DISABLED, Ernest Levister, MD., no report, because it likely would have confirmed

DISABLED. Furthermore, James O'Brien is a psychiatrist, only able to report on mental

status, NOT physical ability. There was never a question of mental illness because Mehen

has never had a history of mental illness. Joel Frank MD., report did not undermine

Mehen's appeal, his report recorded depression due to becoming ill.

Scott Stoney, MD. another company doctor, refused to include treating physician's

medical records. He was on record by the hired court reporter as making false statements

about Mehen's illness.(Appendix 6). Neither doctor is a Toxicologist. Salam

Alkasspooles, did in fact render a diagnosis of Mehen as DISABLED physically, contrary

to Appellees incorrect brief statements see (Appendix 4) and then added an addendum

one year later without examining Mehen, stating "she can work". This practice in itself

must be considered unlawful and a blatant "mischaracterization of the medical recorded"

in as cited in Buffonge v. Prudential Insurance Company of America, 426 F 3d 20, 31n.

 (1st Cir. 2005), which created the term " mischaracterization of the medical records"  and

Delta/Plan practice of "pick and choose" only company doctor reports that give a

diagnosis of not disabled, use of the false surveillance video,  these factors taint the

evidence, which is a flagrant procedural violations and "render the decision arbitrary and

capricious, or an abuse of discretion". Gannon, 360 F.3d at 213."We find that they do".

 The opinions of a non examining or reviewing physician may serve as substantial

evidence under the rule, when they are supported by other evidence in the record and

consistent with the evidence in the overall record. Shalala, 53 F .3d 1041 (9th

Cir. 1995).Which in the case of Mehen did not exist, the surveillance video was false, but

Delta/ Plan did willing use this false video to terminate Mehen's benefits which is a

blatant abuse of discretion and discriminatory. Combining all of the violations listed

above in this case see (Appendix 1 and 3). An arbitrary and capricious review is not

lawful and a de novo standard of review must be applied. Furthermore, the violations

concerning Cobra issues, the continual termination Cobra benefits and denial of the

Cobra extension are additional abuses that the Delta/Plan Administrators subjected

Mehen to. Ms. Gloria Polk of the US Department of Labor tried to help Mehen but

Delta/Plan administrator never paid the medical bills although all Cobra payments were

paid. This was done maliciously and is discriminatory. It not only affected Mehen as a

disabled person but also a minor daughter ill with a kidney disease which Delta/Plan had

prior knowledge of. Mehen went to the EEOC for assistance the EEOC agent Mr. Rivera,

was told by Delta Airlines, INC. that "they have no EEOC specialist and would not give

any information to him". Their refusal to cooperate and the issues of termination of

benefits and the information terminating my employment, letter of June 10, 2002,

"according to our records, you are no longer in current employment" and other such

information caused the EEOC to rule in Mehen's favor, unfair discrimination. Delta/Plan

failed to comply with federal laws and ADA (Appendix 5). Mr. king wrote in the denial

of the final appeal that the administration committee had given deference to Mehen's

treating physicians but that was un true, now in Appellees brief they claim that they are

not required to give deference to Mehen's treating physicians and did not.


The Appellees claim that Mehen's disability as just "general symptoms", another

incorrect statement made by the Appellees. Mehen's medical record is well documented

and she is a qualified individual by the ADA standards and is protected by ADA.

(Appendix 7). Appellees had all of this medical information but choose to use only

medical information favorable to deny benefits. Use of supplemental oxygen, brain

lesions, brain injury, toxic encephalathapy, neurological disease, myelin in the blood ,

uncontrollable high blood pressure, immune failure, large/small airways disease, acute

upper respiratory infections, joint pain, fibromyalgia, left side paralysis, muscle

weakness, extremely high levels of  DDT pesticide and pain on a daily basis, not "general

symptoms". Mehen has remained disabled with deteriorating health.

I did file a motion in US District Court for improper mediation procedures concerning

the outrageous statements and behavior of Judge Velasco. It is number 199 on the US

District Court docket sheet. My husband was present as a witness.

The harassment campaign continues ongoing and the evidence that was submitted

directly links the harassment of Mehen and her family to the Appellees/Defendants

Delta Airlines, INC.,et.,al.,. There are continued police reports and documentation

given to the Pima County Sheriff's Dept., FBI local office and  a US postal formal

complaint # CV35932630. After identifying the man working for EZ messenger who

was delivering legal papers during the day for Lewis/Roca then harassing Mehen

at night, at which time he crashed into Mehen's gate and was identified by Mehen a

witness and a neighbor. It proves without a doubt that the harassment is directed from

Delta. There are continuing acts of harassment, vandalism and mail theft. Mehen is not

the only employee to experience such harassment at the hands of Delta Airlines,

INC.,et.,al.. There are many such reported cases.

Mehen has experienced substantial harm on many levels from the denial of benefits

termination of employment and continued harassment by Delta Airlines, INC,et.,al., it

has had a negative impact on her health, which has been documented. The constant worry

and stress are more than anyone should endure. Being a disabled person without health

care, also with a sick child to think about not to mention, no life insurance and with being

disabled. Mehen will never be able to be approved for any other life insurance.

This was and is a very cruel approach to discarding an injured employee, injured by their

company. I am not the only one and others are unfortunately following behind me. I

complied with all rules of the Plan and cooperated with every request. Mehen did her job

for almost 20 years and when the fire broke out on the aircraft that morning she put her

own safety on the line for Delta's passengers but when she became ill from these

exposures, Delta Airlines could of cared less and she was discarded in a cavalier way. I

respectfully ask the court to please review the evidence, watch the false DVD and read

the medical reports and you will see the overwhelming evidence of the numerous

procedural violations.

did not have any EEOC specialist (required by law) and they would not give any

information of any kind.(Appendix 5).My husband was a witness.

| | DISABLED | | | NOT DISABLED |
|---|---|---|---|---|
| 1995 | Antolio Munoz, MD. | Disabled | 2000 | Salam Alkasspooles,MD. |
| 1995 | James Gray, MD. | Disabled | | (Changed  Original Report) |
| 1995 | Raymond Naumann | Tests | 2000 | James O'Brien, MD. |
| 1995 | Dr. Kerrihard | Tests | 2001 | Scot Stoney, MD |
| 1995 | SOCIAL SECURITY* | | | |
| 1995 | DR. Chavez, MD.* | Disabled | | |
| 1995 | Dr. Westin, MD.* | Disabled | | |
| 1995 | James Kelly,MD | Disabled (Delta Doctor) | | |
| 1995 | Mayo Clinic | Tests | | |
| 1996 | Wayne Hudak, MD. | Disabled | | |
| 1996 | Dr. Lohman, MD. | Tests | | |
| 1996 | Michael Gray, MD. | Disabled (Toxicologist)1996 to 2007 | | |
| 1997 | Nachman Brautbar, MD. | Disabled (Toxicologist) | | |
| 1997 | Dr. Baumzeiger, MD | Disabled | | |
| 1999 | Salam Alkasspooles,MD. | Disabled | | |
| 1999 | Ernest Levister, MD. | No Report (Delta Doctor) | | |
| 1999 | Dr. Kram, MD. | Tests(Sleep Apnea/Low Oxygen Rate) | | |
| 2000 | Gary Ordog, MD. | Disabled (Toxicologist) | | |
| 2001 | Joel Frank, MD | Disabled (Delta Doctor) | | |
| 2001 | Ira Monosson, MD. | Disabled (Delta Doctor) Toxicologist | | |
| 2001 | Dr. Campbell, MD. | Disabled (Social Sec. Eval) | | |
| 2003 | Dr. Buscema, MD. | Onocology(Removal two abdominal Tumors 13 lbs.) | | |
| 2004 | Tissue Biopsy | High amounts of DDT (Appendix 8). | | |

Mehen's health continues to deteriorate being hospitalized for acute infections, breathing

problems and hypertension problems due to the brain lesions.

## SUMMARY OF ARGUMENT

The main question before us in this case in what standard of review should apply in examining a plan administrator's decision when the administrator labors under a conflict of interest or when the process in irregular. As evidenced in the statement of fact Mehen's ERISA benefits where denied due to plan reliance on 1) a false surveillance report and 2) mischaracterizations of the medical record. The lower district court relied on the standard form of review where we feel in this instance a denovo standard of review would be more appropriate.

**A. Establishing a de novo standard of review**

When a plan administrator's denial of benefits is challenged under ERISA, the default rule holds that courts review the administrator's denial *de novo*, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S.101, 115 (1989). Mehen vigorously argues that we must review Delta's denial of benefits *de novo* because the Plan does not adequately grant discretion to Delta. Mehen also argues that even if the Plan does effectively grant Delta discretion, Delta's behavior manifested a serious conflict of interest which demands heightened review (See Glista v. Unum Life Ins. Co. of Am., 378 F.3d 113, 125 (1st Cir. 2004.)

If we examine the case of Buffonge v. Prudential (Ins. Co. of Am., 426 F.3d 20, 31 n.15 (1st Cir. 2005)) where the medical records of Mr. Buffonge medical records and additional supporting documentation of disability were submitted to an Administrative Review Board similarly to the factual basis in the case. The court concluded "that the process used was materially tainted, and the taint was sufficiently prejudicial, so as to render the process arbitrary. We remand to the district court to remand to the claims administrator for a new review of Buffonge's claim." The taint arises from the use by the Administrative Review Board of evidence that was mischaracterized. The reports submitted to the Administrative Review Board in this matter were similarly mischaracterized: attempts to confuse Mehen's Dr. Gray her primary treating physician with supplemental reports by an additional Dr. Grey who treated her only for mental health. Using a false surveillance video of Mehen's 15 yr. old daughter as evidence to deny Mehen's claims.

The court found in Buffonge "that two of Prudential's four cited pieces of evidence fail to provide reasoned support for its conclusion; we also find that Prudential's willingness to rely on a report it knew or should have known to be misleading, and its mischaracterization of the conclusions of Dr. Jacques, raises concerns about the fairness of its decision-making process. The question is whether these flaws render the decision "arbitrary, capricious, or an abuse of discretion." <u>Gannon</u>, 360 F.3d at 213. We find that they do."

The surveillance of Mehen's family gives rise to additional claims of harassment and malicious and undue mental and emotional harm.

Delta's similar reliance upon tainted evidence to make final administrative decisions should be seen as "arbitrary, capricious, or an abuse of discretion" Although the court has adopted a pre-emptive stance against review of administrative decisions when a serious conflict of interest exists that our standard of review changes. *Jordan,* 370 F.3d at 875. To reiterate we believe that an alternative standard of review is appropriate in this instance. To prove that a serious conflict of interest exists, and to override a plan's unambiguous conferral of discretion to the plan administrator, the plaintiff must "provide[ ] material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a ABATIE v. ALTA HEALTH & LIFE INS. 11829  breach of [its] fiduciary obligations to the beneficiary." *Atwood v.  Newmont Gold Co.,* 45 F.3d 1317, 1323 (9th Cir.1995). If plaintiff satisfies this burden, *de novo* review is appropriate if the administrator fails to "produc[e] evidence to show that the conflict of interest did not affect the decision to deny benefits."

**B. Denial of a full and fair review**

Section 503 of ERISA, for example, states in relevant part that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133 (emphasis added). Mehen was denied a full and fair review by the Administrative Review Board which with held evidence used against Mehen, refused to set deadlines, consider Mehen's full medical record and intentionally sought to mischaracterize evidence gathered in Mehen's case (i.e. surveillance of Mehen's daughters). It is not possible that this evidence could have been interpreted otherwise as to do so would find it a reasonable standard to "confuse" a 15 year old girl with a 43 year old disabled woman.

Where a plan administrator flagrantly violates ERISA's procedural protections causing the beneficiary to suffer substantive harm, a district court should conduct a *de novo* review of the plan administrator's benefits decision. *See Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir.2005) ("Procedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm)." By virtue of her employee and employer relationship Mehen has suffered substantive harm. She has been subject to unnecessary emotional trauma resulting from being thrown out of her medical benefits on repeated occasions causing undue physical and financial worry. Citing Cook v. Liberty Life Assurance Co., 320 F.3d 11, 24 (1st Cir. 2003)we ask that the court award benefits to the disability claimant as this is within the court's power and in this instance an appropriate remedy.

### C. Cause of Substantial Harm

Where a plan administrator flagrantly violates ERISA's procedural protections, and thereby causes the claimant substantive harm, *de novo* review is warranted. *See Gatti*, 415 F.3d at 985; *see also Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1105 (9th Cir. 2003). ("When decisions are not in compliance with regulatory and plan procedures, deference may not be warranted."); *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1110 (9th Cir. 1999) (concluding that *de novo* review was warranted where "procedural irregularities in the initial claims process and an unfair appeals process" tainted plan administrator's benefits decision). Delta failed to comply with ERISA's notice and full and fair review requirements, as required by 29 U.S.C. § 1133 and its implementing regulations. ERISA and its implementing regulations require a plan administrator to conduct "a full and fair review . . . of the decision denying the claim." 29 U.S.C. § 1133(2); *see also* 29 C.F.R. § 2560.503-1(g) (1999); 29 C.F.R. § 2560.503-1. Thus, while a plan administrator is free to weigh conflicting evidence in the administrative record in favor of the plan, *see, e.g., Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 880 (9th Cir. 2004), "[p]lan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence," *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). ("To afford a plan participant whose claim has been denied a reasonable opportunity for full and fair review, the plan's fiduciary must consider *any and all* pertinent information reasonably available to him.") (emphasis added ). Current ERISA regulations similarly make clear that the obligation to conduct a "full and fair review" requires a plan administrator to "[p]rovide for a review that takes into account *all comments, documents, records, and other information*

*submitted by the claimant relating to the claim*, without regard to whether such information was submitted or considered in the initial benefit determination." 29 C.F.R.§ 2560.503-1(h)(2)(iv).

### D. Treatment Counter to the Principals of the Worker's Compensation System

Especially in light of Mehen's status as in injured worker her treatment throughout this process is contrary to the nature of the workers compensation system built upon the principals of expediency and appropriate compensation given the nature of the injury. Although Mehen's fire accident injuries had been accepted in 1983, benefits given, Delta then with the additional notice of the workers compensation claim, then denied benefits to Mehen for seven years. This also demonstrates malicious conduct directed toward Mehen.

## CONCLUSION

We respectfully ask the court to over turn the decision of the lower district court and find in Mehen's favor that a de novo standard of review is appropriate in this instance due to the false evidence used with surveillance film and intentionally mischaracterizing the medical records which caused substantial harm and gross negligence; caused and perpetrated by the defendants. Further it is essential to note the that doctors who did not find Mehen to be disabled were 1.) Not specialists in the area of Mehen's disability 2.) Acting counter to the findings of a rigorous federal disability rating 3.) Due to the short nature of their interactions with Mehen (i.e. one visit) were unable to achieve a comprehensive doctor patient relationship. We respectfully ask that the court award punitive and actual damages to the fullest extent that the laws will allow. We ask that these funds be allocated from the Delta Plan Trust because this trust manages the ERISA fund. Additionally the 110 dollar per day penalty should be enacted as pursuit to ERISA regulation for failure to provide all evidence used to deny Mehen's claim (See **Castello. v. Gamache**, 593 F.2d 358, 361 (8th Cir. 1979)).(Appendix 9)

Attorney's fees should be responsibility of each party.

Respectfully Submitted on this day, February 2, 2008.

Dana Mehen

2968 N. Webster Rd.

Tucson, Arizona 85750

520-290-9067

## CERTIFICATION OF WORD COUNT

This is to certify that this appeal in approximately 5,000 words and 600 lines.

CERTIFICATE OF SERVICE

I, Dana Mehen have faithfully served the Appellant Reply Brief to the

following parties by United States Postal on Februrary 1,2008.

Lewis/Roca, LLP/Ms. Madenci-Lindquist

One South Church Ave. Suite #700,

Tucson, Arizona 85701

Rogers/Hardin,LLP/ Mr. Mc Donald

2700 International Tower

229 Peachtree St., N.E.

Atlanta, Georgia 30303-1601

Delta Airlines, INC./Mr. Blews

Hartsfield International Airport

1030 Delta Blvd.

Atlanta, Georgia 30320

Fennemore/Craig PC./Mr. Stolkin

One South Church Ave., Suite #1000

Tucson, Arizona 85701

Cole/Pedroza, LLP/ Mr. Curtis Cole

200 S. Los Robles Ave., Suite #678

Pasadena, California 91101

Fennemore/Craig PC./Mr. Stolkin

3003 N. Central Ave., Suite #2600

Phoenix, Arizona 85012

Respectfully Submitted,

Dana Mehen

2968 N. Webster Rd.

Tucson, Arizona 85750

520-290-9067

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                :

DELTA AIR LINES, INC., et al.,               :

Debtors.                                          :
-----------------------------------------------------------------x
Dana Mehen                                       :
                                                         :
                              Appellant,          :
                                                         :          No. 07 CV 11465 (LTS)
                    v.                                :
                                                         :
Delta Air Lines, Inc.,                             :
                                                         :
                              Debtor-Appellee     :
-----------------------------------------------------------------x

                                        AFFIDAVIT OF MAILING

STATE OF NEW YORK          )
                                          ) ss.:
COUNTY OF NEW YORK      )

HUGO SUAREZ, being duly sworn, deposes and says:

1.       I am over the age of eighteen years and employed by Epiq Bankruptcy Solutions LLC (f/k/a Bankruptcy
Services, LLC), 757 Third Avenue, New York, New York and I am not a party to the
above-captioned action.

2.       On February 8, 2008, I caused to be served true and correct copies of the "Reply of Delta Air Lines, Inc. to
Appellant's Objection to Motion to Dismiss Appeal", dated February 8, 2008, enclosed securely in a postage pre-
paid envelope, to be delivered by first class mail to the party listed on the annexed Exhibit "A".

3.       All items served by mail or overnight courier included the following legend affixed on the envelope:
"LEGAL DOCUMENTS ENCLOSED: PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR
LEGAL DEPARTMENT".

                                                         Hugo Suarez

Sworn to before me this
8th day of February, 2008

Notary Public

ROSS MATRAY
Notary Public, State of New York
No. 01MA614899
Qualified in New York County
Commission Expires July 3, 20 10

T:\Clients\DELTA\Affidavits\Delta'sReplytoDanaMehenMotion_Aff 2-8-08.doc

**EXHIBIT "A"**

Dana Mehen
2968 N. Webster Rd.
Tucson, AZ 85750